| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): **Boykin, David J.** | Name of Joint Debtor (Spouse) (Last, First, Middle): **Boykin, Amber K.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **5477** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **4914** |
| Street Address of Debtor (No. and Street, City, and State): **2844 Dourdan Road** **Belvidere, Illinois**                      ZIP CODE **61008** | Street Address of Joint Debtor (No. and Street, City, and State): **2844 Dourdan Road** **Belvidere, Illinois**                      ZIP CODE **61008** |
| County of Residence or of the Principal Place of Business: **Boone** | County of Residence or of the Principal Place of Business: **Boone** |
| Mailing Address of Debtor (if different from street address):                      ZIP CODE | Mailing Address of Joint Debtor (if different from street address):                      ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):                      ZIP CODE | |

| Type of Debtor (Form of Organization) (Check one box.) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| [X] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* <br> [ ] Corporation (includes LLC and LLP). <br> [ ] Partnership <br> [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.) | [ ] Health Care Business <br> [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) <br> [ ] Railroad <br> [ ] Stockbroker <br> [ ] Commodity Broker <br> [ ] Clearing Bank <br> [ ] Other | [X] Chapter 7   [ ] Chapter 15 Petition for <br> [ ] Chapter 9      Recognition of a Foreign <br> [ ] Chapter 11     Main Proceeding <br> [ ] Chapter 12   [ ] Chapter 15 Petition for <br> [ ] Chapter 13     Recognition of a Foreign <br>                  Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity (Check box, if applicable.) | Nature of Debts (Check one box.) |
|---|---|---|
| Country of debtor's center of main interests: <br><br> Each country in which a foreign proceeding by, regarding, or against debtor is pending: | [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | [X] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   [ ] Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| [ ] Full Filing Fee attached. <br><br> [X] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A. <br><br> [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box: <br> [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). <br> [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D). <br><br> Check if: <br> [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*). <br> - - - - - - - - - - - - - - - - - - - - - - - - - - - - - <br> Check all applicable boxes: <br> [ ] A plan is being filed with this petition. <br> [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| [X] Debtor estimates that funds will be available for distribution to unsecured creditors. <br> [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): **Boykin, David J. and Boykin, Amber K.** | | |
|---|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | | |
| Location<br>Where Filed: **Northern District, Western Division, IL** | Case Number: **10-70961** | | Date Filed: **March 1, 2010** |
| Location<br>Where Filed: **Northern District, Western Division, IL** | Case Number: **11-81528** | | Date Filed: **April 6, 2011** |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | | |
| Name of Debtor: **NONE** | Case Number: | | Date Filed: |
| District: | Relationship: | | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X   **s/s/ Henry Repay        April 24, 2013**<br>     Signature of Attorney for Debtor(s)        (Date) |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☒   No.

### Exhibit D

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☒   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☒   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): Boykin, David J. and Boykin, Amber K. |
|---|---|
| *(This page must be completed and filed in every case.)* | |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X   **s/David J. Boykin**<br>     Signature of Debtor     **David J. Boykin**<br><br>X   **s/Amber K. Boykin**<br>     Signature of Joint Debtor   **Amber K. Boykin**<br><br>     Telephone Number (if not represented by attorney)<br>     **April 24, 2013**<br>     Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X   _____<br>     (Signature of Foreign Representative)<br><br>     _____<br>     (Printed Name of Foreign Representative)<br><br>     _____<br>     Date |
| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| X   **s/s/ Henry Repay**<br>     Signature of Attorney for Debtor(s)<br>     **Henry Repay**<br>     Printed Name of Attorney for Debtor(s)<br>     **Law Offices of Henry Repay**<br>     Firm Name<br><br>     **930 W. Locust  Street**<br>     **Belvidere, Illinois 61008-4226**<br>     Address<br>     **(815) 547-3369**<br>     Telephone Number<br>     **April 24, 2013**<br>     Date<br><br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>     _____<br>     Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>     _____<br>     Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>     _____<br>     Address<br><br>X   _____<br>     Signature<br><br>     _____<br>     Date |
| **Signature of Debtor (Corporation/Partnership)** | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.* |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X   _____<br>     Signature of Authorized Individual<br><br>     _____<br>     Printed Name of Authorized Individual<br><br>     _____<br>     Title of Authorized Individual<br><br>     _____<br>     Date | |

B6A (Official Form 6A) (12/07)

In re **David J. Boykin and Amber K. Boykin,**                    Case No. _____
                           **Debtor**                                                                        **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 2844 Dourdon Road<br>Belvidere, IL 61008 | Fee Owner | J | $216,000.00 | $341,215.79 |
| | | Total ▶ | $216,000.00 | |

(Report also on Summary of Schedules.)

B 6B  (Official Form 6B) (12/2007)

In re **David J. Boykin and Amber K. Boykin,**_____        Case No. _____
                                       **Debtor**                                                                **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash | J | $20.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking Acct. Members Alliance Credit Union | J | $100.00 |
| | | Savings Acct. Members Alliance Credit Union | J | $25.00 |
| | | Savings Acct. Heritage Credit Union | J | $25.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household Goods & Furnishings | J | $2,000.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Hot Wheels Collection | H | $350.00 |
| 6. Wearing apparel. | | Wearing Apparel | J | $600.00 |
| 7. Furs and jewelry. | | Wedding Rings & Miscellaneous Costume Jewelry | J | $200.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re **David J. Boykin and Amber K. Boykin,** _____     Case No. _____
_____**Debtor**_____          (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| | | | | |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Shares of Motorola Stock | W | $20.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Auto Accident Claim (Hit and Run - Driver not Located) | J | $15,000.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re **David J. Boykin and Amber K. Boykin,** _____     Case No. _____
                                **Debtor**                                                **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| | | | |
|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1995 Volvo 850 (Odometer Broken) | J | $1,400.00 |
| | | 2001 Oldsmobile Alero GLS (175,000 Miles) | J | $800.00 |
| | | 2001 Ford F150 Pickup (130,000 miles) | J | $4,400.00 |
| 26. Boats, motors, and accessories. | X | | |
| 27. Aircraft and accessories. | X | | |
| 28. Office equipment, furnishings, and supplies. | X | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | Various Hand Tools | H | $300.00 |
| 30. Inventory. | X | | |
| 31. Animals. | | Dogs (Household Pets) | J | $50.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | |
| 33. Farming equipment and implements. | X | | |
| 34. Farm supplies, chemicals, and feed. | X | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | |

                                    _2_ continuation sheets attached     Total ▶                                        $25,290.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

B6C (Official Form 6C) (04/13)

In re **David J. Boykin and Amber K. Boykin,** _____          Case No. _____
                                   **Debtor**                                               **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ⊙ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                $155,675.*
⊙ 11 U.S.C. § 522(b)(2)
❀ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Cash | 735 ILCS 5/12-1001(b) | $20.00 | $20.00 |
| Checking Acct. Members Alliance Credit Union | 735 ILCS 5/12-1001(b) | $100.00 | $100.00 |
| Savings Acct. Members Alliance Credit Union | 735 ILCS 5/12-1001(b) | $25.00 | $25.00 |
| Savings Acct. Heritage Credit Union | 735 ILCS 5/12-1001(b) | $25.00 | $25.00 |
| Household Goods & Furnishings | 735 ILCS 5/12-1001(b) | $2,000.00 | $2,000.00 |
| Hot Wheels Collection | 735 ILCS 5/12-1001(b) | $350.00 | $350.00 |
| Wearing Apparel | 735 ILCS 5/12-1001(a),(e) | $600.00 | $600.00 |
| Wedding Rings & Miscellaneous Costume Jewelry | 735 ILCS 5/12-1001(b) | $200.00 | $200.00 |
| Shares of Motorola Stock | 735 ILCS 5/12-1001(b) | $20.00 | $20.00 |
| Auto Accident Claim (Hit and Run - Driver not Located) | 735 ILCS 5/12-1001(h)(4) | $15,000.00 | $15,000.00 |
| 1995 Volvo 850 (Odometer Broken) | 735 ILCS 5/12-1001(c) | $1,400.00 | $1,400.00 |
| 2001 Oldsmobile Alero GLS (175,000 Miles) | 735 ILCS 5/12-1001(b) | $800.00 | $800.00 |
| 2001 Ford F150 Pickup (130,000 miles) | 735 ILCS 5/12-1001(c)  735 ILCS 5/12-1001(b) | $2,400.00  $2,000.00 | $4,400.00 |
| Various Hand Tools | 735 ILCS 5/12-1001(b) | $300.00 | $300.00 |
| Dogs (Household Pets) | 735 ILCS 5/12-1001(b) | $50.00 | $50.00 |

**\*** *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6D (Official Form 6D) (12/07)

**In re** David J. Boykin and Amber K. Boykin _____,   Case No. _____
      **Debtor**                                                         **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **6781** <br> **Bank of America Mortgage Co.** <br> **PO Box 660312** <br> **Dallas, TX 75266** <br> **Full Account No.: 217488; 198766781** | | **J** | **Mortgage** <br> **2844 Dourdon Road** <br> **Belvidere, IL 61008** <br><br> VALUE $   **$275,000.00** | | | | **$341,215.79** | **$66,215.79** |

Additional Contacts for Bank of America Mortgage Co. (6781):

**Pierce & Associates**
**1 N. Dearborn**
**Chicago, IL 60602**

**Noonan & Lieberman**
**105 W. Adams**
**Chicago, IL 60603**

___**0**___ continuation sheets
      attached

| | | |
|---|---|---|
| Subtotal ▶ <br> (Total of this page) | $   341,215.79 | $   66,215.79 |
| Total ▶ <br> (Use only on last page) | $   341,215.79 | $   66,215.79 |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B 6E (Official Form 6E) (04/13)

**In re** <u>David J. Boykin and Amber K. Boykin</u> ,        Case No._____
                              Debtor                                              *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[X]   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS *(Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)*

[ ] **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ] **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ] **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ] **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

[ ] **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

[ ] **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

[ ] **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

[ ] **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_1_  continuation sheets attached

In re **David J. Boykin and Amber K. Boykin**_____, Case No. _____
                        Debtor                                                (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.      6999 <br><br>Advanced Disposal<br>1660 Hubbard Ave.<br>Batavia, IL 60510<br>Full Account No.: T6896999 | | W | Utilities | | X | | $181.41 |
| ACCOUNT NO. <br><br>Advanced Orthodontic Specialists<br>275 North York St., Suite 200<br>Elmhurst, IL 60126 | | J | Orthodontic Treatment | | X | | $4,771.00 |
| ACCOUNT NO.      7883 <br><br>American Express<br>PO Box 0001<br>Los Angeles, CA 90096<br>Full Account No.:<br>061927652016327883 | | J | Miscellaneous Purchases | | X | | $2,900.00 |
| ACCOUNT NO.      6301 <br><br>AT&T Card<br>PO Box 688901<br>Des Moines, IA 50368<br>Full Account No.:<br>3502145256301 | | J | Miscellaneous Purchases | | X | | $31.00 |
| | | | | | | | |
| | | | | | Subtotal▶ | $ | 7,883.41 |

___11___ continuation sheets attached

Total▶  $ _____

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re <u>David J. Boykin and Amber K. Boykin</u>,       Case No. _____
           **Debtor**                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 9903<br>**Barclays Bank**<br>**125 S. West Street**<br>**Wilmington, DE 19801**<br>**Full Account No.:**<br>**514021889903** | | J | **Miscellaneous Purchases** | | X | | $318.00 |
| Additional Contacts for Barclays Bank (9903):<br><br>   **Candica LLC**<br>   **c/o Weinstein and Riley**<br>   **2001 Western Ave.**<br>   **Seattle, WA 98121** | | | | | | | |
| **ACCOUNT NO.** 1880<br>**Best Buy**<br>**Retail Services**<br>**PO Box 15521**<br>**Willmington, DE 19850-5521**<br>**Full Account No.: 5053 3810**<br>**0026 1880** | | J | **Miscellaneous Purchases** | | X | | $1,055.00 |
| **ACCOUNT NO.** 0763<br>**Bischoff Denistry**<br>**6726 Commonwealth Drive**<br>**Loves Park, IL 61111**<br>**Full Account No.: 10763** | | J | **Dental Services** | | X | | $2,098.00 |

Sheet no. <u>1</u> of <u>11</u> continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $  **3,471.00**

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re   <u>David J. Boykin and Amber K. Boykin</u>   ,      Case No. _____

              **Debtor**                                                             **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**<br><br>**Blackhawk State Bank**<br>**PO Box 719**<br>**Beloit, WI 53512-0719** | | J | **Overdraft Fees** | | X | | **$338.00** |
| **ACCOUNT NO.**    3749<br><br>**Brian L Winters**<br>**6511 Prairie Flower**<br>**Roscoe, IL 61073**<br>**Full Account No.:**<br>**TPCS-1256917-1843749** | | J | **Property Damage**<br>**Daughter's Accident** | | X | | **$8,600.00** |
| **Additional Contacts for Brian L Winters (3749):**<br><br>**Gibson & Sharps**<br>**9390 Bunsen Parkway**<br>**Louisville, KY 40220**<br><br>**Jessica M. Bauch**<br>**4495 Harris Drive**<br>**Poplar Grove, IL 61065** | | | | | | | |
| **ACCOUNT NO.**    XXXX<br>**Capital One**<br>**PO Box 790261**<br>**St. Louis, MO 63179**<br>**Full Account No.: 5178 0577**<br>**9821 XXXX; 5178 0573 2314**<br>**XXXX; 5178 0572 4875 XXXX;**<br>**4862 3626 6533 XXXX** | | J | **Miscellaneous Purchases** | | X | | **$3,999.00** |

Sheet no. <u> 2 </u> of <u> 11 </u> continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal▶    $       **12,937.00**

Total▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

In re **David J. Boykin and Amber K. Boykin**_____,    Case No. _____
                 **Debtor**                                                                     **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for Capital One (XXXX):**<br><br>**Capital One Bank<br>by American Infosource LP<br>PO Box 71083<br>Charlotte, NC 28272-1083** | | | | | | | |
| **ACCOUNT NO.    1001**<br>**Capital One Auto Finance<br>PO Box 260848<br>Plano, TX 75026-0848<br>Full Account No.:<br>6206219343461001** | | J | **Deficiency on Repossessed Auto<br>(2009 Volvo S-80)** | | | X | $15,000.00 |
| **Additional Contacts for Capital One Auto Finance  (1001):**<br><br>**Capital One Auto Finance<br>PO Box 201347<br>Arlington, TX 76006** | | | | | | | |
| **ACCOUNT NO.    8755**<br>**Chase USA NA<br>PO Box 15145<br>Wilmington, DE 19850-5145<br>Full Account No.: 4185 8636 4014 8755** | | J | **Miscellaneous Purchases** | | | X | $3,600.00 |

Sheet no.__**3**__ of __**11**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶    $    **18,600.00**

Total▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **David J. Boykin and Amber K. Boykin** _____ ,    Case No. _____
_____ **Debtor** _____                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for Chase USA NA (8755):** | | | | | | | |
| Portfolio Recovery Associates, LLC (140 Corporate Blvd., Norfolk, Virginia 23502) PO Box 41067 Norfolk, VA 23541  Chase Bank USA c/o Creditors Bankruptcy Service PO Box 740933 Dallas, TX 75374 | | | **Resurgent Capital Services Resurgent Correspondence PO Box 10497 Greenville, SC 29603** | | | | |
| **ACCOUNT NO.       7078**  **ComEd Payment Center Chicago, IL 60668 Full Account No.: 1899067078** | | J | **Utilities** | | X | | $1,262.18 |
| **ACCOUNT NO.       7215**  **Dell Preferred Account PO Box 6403 Carol Stream, IL 60197 Full Account No.: 7845 0129 0541 27215** | | J | **Miscellaneous Purchases** | | X | | $2,441.00 |
| **Additional Contacts for Dell Preferred Account (7215):**  **Resurgent Capital Services Resurgent Correspondence PO Box 10497 Greenville, SC 29603** | | | | | | | |

Sheet no.__**4**__ of __**11**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $   **3,703.18**

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re <u>David J. Boykin and Amber K. Boykin</u>,        Case No. _____
    **Debtor**                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** <br><br> **Discount Tire** <br> **c/o GE Money Bank, GE** <br> **Consumer Finance** <br> **PO Box 960061** <br> **Orlando, FL 32896-0661** | | W | **Miscellaneous Purchases** | | X | | $654.45 |
| **ACCOUNT NO.** <br><br> **Featherstone Clinic** <br> **698 Featherstone Rd** <br> **Rockford, IL 61107** | | J | **Medical Services** | | X | | $646.00 |
| Additional Contacts for Featherstone Clinic: <br><br> **Account Receivable Svc.** <br> **5183 Harlem Road** <br> **Loves Park, IL 61111-3448** | | | | | | | |
| **ACCOUNT NO.        XXXX** <br><br> **GE Money Bank** <br> **Attn:  Bankruptcy Dept.** <br> **PO Box 960061** <br> **Orlando, FL 32896** <br> **Full Account No.: 6019 1800** <br> **7632 XXXX** | | J | **Miscellaneous Purchases** | | X | | $629.00 |
| | | | | | | Subtotal▶ $ | **1,929.45** |

Sheet no. __5__ of __11__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Total▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  David J. Boykin and Amber K. Boykin                ,        Case No. _____
                        **Debtor**                                                            **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.        XXXX**<br>**HSBC Card Services**<br>**PO Box 80084**<br>**Salinas, CA 93912-0084**<br>**Full Account No.: 6011 3800**<br>**0902 4936; 5155 9900 0284**<br>**XXXX; 5120 2550 1480 XXXX;**<br>**5155 9900 1851 XXXX** | | J | **Miscellaneous Purchases** | | X | | $3,163.00 |
| **Additional Contacts for HSBC Card Services (XXXX):**<br><br>**HSBC Bank Nevada NA**<br>**by PRA Receivables Mgmt.**<br>**PO Box 12907**<br>**Norfolk, VA 23541** | | | | | | | |
| **ACCOUNT NO.        5477**<br>**Illinois Department of Revenue**<br>**Bankruptcy Section**<br>**PO Box 64338**<br>**Chicago, IL 60664-0338**<br>**Full Account No.: XXX XX 4914,**<br>**XXX XX 5477** | | J | **1989 and 1990 Income Taxes** | | X | | $187.50 |
| **ACCOUNT NO.**<br><br>**John Chen MD**<br>**1632 S. State St.**<br>**Belvidere, IL 61008** | | J | **Collection** | | X | | $1,359.62 |

Sheet no.__6__ of __11__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $    **4,710.12**

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **David J. Boykin and Amber K. Boykin**_____,     Case No. _____
                              **Debtor**                                                (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for John Chen MD:**<br><br>**Creditors Protection Service**<br>**202 W. State Street, Ste 300**<br>**PO Box 4115**<br>**Rockford, IL 61110**<br><br>**Dennis A. Brebner &**<br>**Associates**<br>**860 Northpoint Blvd.**<br>**Waukegan, IL 60085-8211** | | | SwedishAmerican Health System<br>1401 East State Street<br>Rockford, IL 61104 | | | | |
| **ACCOUNT NO.   0152**<br><br>**Kohl's**<br>**PO Box 3043**<br>**Milwaukee, WI 53201-3043**<br>**Full Account No.: 25529650152** | | J | Miscellaneous Purchases | | X | | $781.00 |
| **ACCOUNT NO.**<br><br>**Nature Scape Lawn Services**<br>**3111 Sandhutton Avenue**<br>**Rockford, IL 61109** | | J | Services | | X | | $0.00 |
| **ACCOUNT NO.**<br><br>**NCO Financial Systems, Inc.**<br>**507 Prudential Road**<br>**Horsham, PA 19044** | | J | Collection | | X | | $419.00 |

Sheet no.__**7**__ of __**11**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal► $ **1,200.00**

Total► $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re David J. Boykin and Amber K. Boykin               ,          Case No. _____
                    **Debtor**                                                                                        **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**   0004<br><br>**Nicor Gas**<br>**PO Box 549**<br>**Aurora, IL 60507**<br>**Full Account No.: 92944020004** | | J | **Utilities** | | X | | **$2,503.05** |
| **ACCOUNT NO.**   4482<br><br>**Orchard Bank**<br>**HSBC Card Services**<br>**P.O. Box 80084**<br>**Salinas, CA 93912-0084**<br>**Full Account No.: 5155 9900 4831 4482** | | H | **Miscellaneous Purchases** | | X | | **$457.46** |
| Additional Contacts for Orchard Bank (4482):<br><br>**Capital One**<br>**PO Box 30285**<br>**Salt Lake City, UT 84130-0285** | | | | | | | |
| **ACCOUNT NO.**   3685<br><br>**Physicians Immediate Care**<br>**PO Box 2176, Dept. 5389**<br>**Milwaukee, WI 53201-2176**<br>**Full Account No.: 363685** | | J | **Medical Services** | | X | | **$29.85** |

Sheet no.__8__ of __11__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $ **2,990.36**

Total▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **David J. Boykin and Amber K. Boykin**                    ,          Case No. _____
          **Debtor**                                                                            **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  7396 **Radiology Consultants of Rockford Ltd. 39020 Eagle Way Chicago, IL 60678-1390 Full Account No.: 197396** | | J | **Medical Services** | | X | | **$36.00** |
| ACCOUNT NO. **SFC Central Bankruptcy PO Box 1893 Spartanburg, SC 29304** | | J | Loan | | X | | **$429.64** |
| ACCOUNT NO.  8843 **Summit Radiology 3849 N. Perryville Rd. Rockford, IL 61114-8080 Full Account No.: 8843** | | J | **Medical Services** | | X | | **$87.00** |
| ACCOUNT NO.  9639 **Swedish American Hospital PO Box 310283 Des Moines, IA 50331-0283 Full Account No.: 01-122491021; V00000839639** | | J | **Medical Services** | | X | | **$244.30** |

Sheet no._**9**_ of _**11**_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal► $          **796.94**

Total► $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re <u>David J. Boykin and Amber K. Boykin</u>,           Case No. _____

Debtor           (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for Swedish American Hospital (9639):**<br><br>**Dennis A. Brebner & Associates**<br>**860 Northpoint Blvd.**<br>**Waukegan, IL 60085-8211** | | | | | | | |
| **ACCOUNT NO.      3646**<br><br>**Target National Bank**<br>**c/o Target Credit Services**<br>**PO Box 1581**<br>**Minneapolis, MN 55440-1581**<br>**Full Account No.: 425973646** | | J | **Miscellaneous Purchases** | | X | | **$317.23** |
| **Additional Contacts for Target National Bank (3646):**<br><br>**Candica LLC**<br>**c/o Weinstein and Riley**<br>**2001 Western Avenue,**<br>**Ste. 400**<br>**Seattle, WA 98121** | | | | | | | |
| **ACCOUNT NO.      8326**<br><br>**Worldwide Asset Purchasing**<br>**c/o B-Line LLC**<br>**PO Box 91121**<br>**Seattle, WA 98111-9221**<br>**Full Account No.: XXXX8326** | | J | **Collection for Cottonwood** | | X | | **$230.73** |

Sheet no. __10__ of __11__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $           **547.96**

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re David J. Boykin and Amber K. Boykin               ,                    Case No. _____
                           **Debtor**                                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for Worldwide Asset Purchasing (8326):**<br><br>**Cottonwood Financial**<br>**1901 Gateway Drive,**<br>**Suite 200**<br>**Irving, TX 75038** | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Sheet no. __11__ of __11__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

| | | |
|---|---|---|
| Subtotal▶ | $ | **0.00** |
| Total▶<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable on the Statistical<br>Summary of Certain Liabilities and Related Data.) | $ | **58,769.42** |

B 6G (Official Form 6G) (12/07)

**In re** <u>David J. Boykin and Amber K. Boykin,</u>                     **Case No.** <u>                          </u>
                             **Debtor**                                                        **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

◉ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Nature Scape Lawn Services<br>3111 Sandhutton Avenue<br>Rockford, IL 61109 | Description: Lawn Service Agreement<br><br>Nature of Debtor's Interest: Lessee |

B 6H (Official Form 6H) (12/07)

In re **David J. Boykin and Amber K. Boykin,**                    Case No. _____
                                    **Debtor**                                         **(if known)**

# SCHEDULE H - CODEBTORS

※ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**B6I (Official Form 6I) (12/07)**

In re   **David J. Boykin and Amber K. Boykin,**_____   Case No. _____
_____**Debtor**_____                                          **(if known)**

# SCHEDULE I – CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Married** | RELATIONSHIP(S): | **M. B., Daughter and L. B., Daughter** | AGES(S): | **17 and 20** |

| **Employment:** | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Loan Originator** | **Line Worker/Unemployed** |
| Name of Employer | **Harvard State Bank** | **Chrysler** |
| How long employed | **Just Started** | **4 years** |
| Address of Employer | **35 N. Ayer St.** <br> **Harvard, IL 60033** | **1000 Chrysler Drive** <br> **Belvidere, IL 61008** |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 1,733.33 | $ 3,191.07 |
| 2. | Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. | SUBTOTAL | $ 1,733.33 | $ 3,191.07 |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a. Payroll taxes and social security | $ 381.33 | $ 339.86 |
| | b. Insurance | $ 0.00 | $ 0.00 |
| | c. Union dues | $ 0.00 | $ 36.83 |
| | d. Other (Specify): | $ 0.00 | $ 0.00 |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $ 381.33 | $ 376.69 |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | $ 1,352.00 | $ 2,814.38 |
| 7. | Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. | Income from real property | $ 0.00 | $ 0.00 |
| 9. | Interest and dividends | $ 0.00 | $ 0.00 |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. | Social security or government assistance (Specify): | $ | $ |
| 12. | Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. | Other monthly income (Specify): | $ | $ |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ 0.00 |
| 15. | AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $ 1,352.00 | $ 2,814.38 |
| 16. | COMBINED AVERAGE MONTHLY INCOME: (combine column totals from line 15) | $ 4,166.38 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17.   Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**B6I (Official Form 6I) (12/07)**

In re   <u>David J. Boykin and Amber K. Boykin,</u>       Case No. <u>                                     </u>

                 **Debtor**                                                          **(if known)**

# SCHEDULE I – CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

**Debtor's income and deductions in new position are estimated and may increase on a commission basis.**

B 6J (Official Form 6J) (12/07)

In re **David J. Boykin and Amber K. Boykin,**                          Case No. _____
_____                                                          **(if known)**
                **Debtor**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

◉ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. | Rent or home mortgage payment (include lot rented for mobile home) | $1,000.00 |
| | a.   Are real estate taxes included?  Yes __X__  No _____ | |
| | b.   Is property insurance included?  Yes __X__  No _____ | |
| 2. | Utilities:   a.   Electricity and heating fuel | $200.00 |
| | b.   Water and sewer | $0.00 |
| | c.   Telephone | $0.00 |
| | d.   Other: Cable, Internet, Phones and Cell Phones. | $320.00 |
| 3. | Home maintenance (repairs and upkeep) | $0.00 |
| 4. | Food | $600.00 |
| 5. | Clothing | $75.00 |
| 6. | Laundry and dry cleaning | $50.00 |
| 7. | Medical and dental expenses | $185.00 |
| 8. | Transportation (not including car payments) | $600.00 |
| 9. | Recreation, clubs and entertainment, newspapers, magazines, etc. | $0.00 |
| 10. | Charitable contributions | $0.00 |
| 11. | Insurance (not deducted from wages or included in home mortgage payments) | |
| | a.   Homeowner's or renter's | $0.00 |
| | b.   Life | $0.00 |
| | c.   Health | $0.00 |
| | d.   Auto | $280.00 |
| | e.   Other _____ | $_____ |
| 12. | Taxes (not deducted from wages or included in home mortgage payments) (Specify) _____ | $_____ |
| 13. | Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
| | a.   Auto | $0.00 |
| | b.   Other _____ | $_____ |
| 14. | Alimony, maintenance, and support paid to others | $0.00 |
| 15. | Payments for support of additional dependents not living at your home | $0.00 |
| 16. | Regular expenses from operation of business, profession, or farm (attach detailed statement) | $0.00 |
| 17. | Other _____ | $_____ |
| 18. | AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $        3,310.00 |
| 19. | Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: Searching for Rental Opportunities, Estimated Rent Shown. | |
| 20. | STATEMENT OF MONTHLY NET INCOME | |
| | a.   Average monthly income from Line 15 of Schedule I | $        4,166.38 |
| | b.   Average monthly expenses from Line 18 above | $        3,310.00 |
| | c.   Monthly net income (a. minus b.) | $           856.38 |

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

### NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

In re **David J. Boykin and Amber K. Boykin**

_____,

Debtor

Case No. _____

Chapter **7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 216,000.00 | | |
| B - Personal Property | YES | 3 | $ 25,290.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 341,215.79 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 11 | | $ 58,769.42 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $ 4,166.38 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $ 3,310.00 |
| TOTAL | | 24 | $ 241,290.00 | $ 399,985.21 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court

## NORTHERN DISTRICT OF ILLINOIS

### WESTERN DIVISION

In re  **David J. Boykin and Amber K. Boykin**

_____,        Case No. _____
                        Debtor

                                                    Chapter  **7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount | |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | **0.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | **0.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | **0.00** |
| Student Loan Obligations (from Schedule F) | $ | **0.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | **0.00** |
| Obligations to Pension or  Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | **0.00** |
| TOTAL | $ | **0.00** |

**State the following:**

| | | |
|---|---|---|
| Average Income  (from Schedule I, Line 16) | $ | **4,166.38** |
| Average Expenses (from Schedule J, Line 18) | $ | **3,310.00** |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ | **4,447.02** |

**State the following:**

| | | | | |
|---|---|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | | $ | **66,215.79** |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | **0.00** | | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | | $ | **0.00** |
| 4.  Total from Schedule F | | | $ | **58,769.42** |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | | $ | **124,985.21** |

In re  **David J. Boykin and Amber K. Boykin** _____ ,    Case No. _____
                                   Debtor                                                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __26__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __April 24, 2013_____        Signature: **s/David J. Boykin**_____
                                                                                      **David J. Boykin** Debtor

Date __April 24, 2013_____        Signature: **s/Amber K. Boykin**_____
                                                                                      **Amber K. Boykin**  (Joint Debtor, if any)

[If joint case, both spouses must sign.]

-----------------------------------------------------------------------------------------------------------------
### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information  required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any,                                    Social Security No.
of Bankruptcy Petition Preparer                                             *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____        _____
 Signature of Bankruptcy Petition Preparer                                    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*
-----------------------------------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                                        Signature: _____

                                                        _____
                                                        [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
-----------------------------------------------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

In re David J. Boykin , Amber K. Boykin _____     Case No. _____
                    Debtor

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

❋ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❏ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

**B 1D** (Official Form 1, Exh. D) (12/09) – Cont.

❒ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❒ 4. I am not required to receive a credit counseling briefing because of:

❒ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❒ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**
❒ Active military duty in a military combat zone.

❒ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  s/David J. Boykin_____

Date: April 24, 2013_____

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

In re <u>David J. Boykin, Amber K. Boykin</u>                    Case No. _____
Debtor

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
### CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

❋ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

**B 1D** (Official Form 1, Exh. D) (12/09) – Cont.

❒ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❒ 4. I am not required to receive a credit counseling briefing because of:

❒ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❒ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**
❒ Active military duty in a military combat zone.

❒ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Joint Debtor:  s/Amber K. Boykin

Date: April 24, 2013

2

B 7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

### NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

In re: David J. Boykin and Amber K. Boykin _____    Case No _____
_____                                                  (if known)
Debtor

## STATEMENT OF FINANCIAL AFFAIRS

---

**1. Income from employment or operation of business**

None
○

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of
the debtor's business, including part-time activities either as an employee or in independent trade or business, from the
beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the
**two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on
the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates
of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing
under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

|              AMOUNT          |          SOURCE          |
|------------------------------|--------------------------|

Debtor:

Current Year (2013):
$0.00                          None (to date)

Previous Year 1 (2012):
$802.36                        PS Holding Inc.
$12,500.00                     First Step Mortgage (Approximate)

Previous Year 2 (2011):
$10,000.00                     First Step Mortgage (Approximate)

Joint Debtor:

Current Year (2013):
$13,872.98                     Chrysler Group LLC

Previous Year 1 (2012):
$43,927.08                     Chrysler Group LLC

Previous Year 2 (2011):
$41,000.00                     Chrysler Group LLC (Approximate)

---

**2. Income other than from employment or operation of business**

None
○

State the amount of income received by the debtor other than from employment, trade, profession, operation of the
debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a
joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13
must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

|  | AMOUNT | SOURCE |
|---|---|---|

Debtor:
Current Year (2013):
$126.00                                    Unemployment Compensation


Previous Year 1 (2012):


Previous Year 2 (2011):


Joint Debtor:
N/A

---

### 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
♠

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

Debtor:
Joint Debtor:

None
❊

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
❊

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF | AMOUNT | AMOUNT |
|---|---|---|---|

---

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

AND RELATIONSHIP TO DEBTOR                    PAYMENT          PAID          STILL OWING

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
○

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Debtor: Bank of America vs. David J. Boykin and Amber Boykin Case Number: 12CH408 | Foreclosure | Circuit Court for the Seventeenth Judicial Circuit Boone County, Illinois | Judgment of Foreclosure and Sale |
| Joint Debtor: N/A | | | |

None
❊

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
❊

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
❊

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
❋

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7. Gifts**

None
❋

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

**8. Losses**

None
◉

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| Debtor Medical Payments Value: Unknown | Hit and Run (Driver is not Located) | 1/15/2013 |
| Joint Debtor: N/A | | |

---

**9. Payments related to debt counseling or bankruptcy**

None
◉

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Debtor: | | |
| Law Offices of Henry Repay 930 W. Locust Street Belvidere, Illinois 61008 | 4/12/13 | $77.00 Partial Court Filing Fee |
| Access Counseling, Inc. 633 W 5th Street Los Angeles, California 90071 | 4/14/13 | $25.00 |
| Joint Debtor: N/A | | |

---

### 10. Other transfers

None
❋

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
❋

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

### 11. Closed financial accounts

None
❋

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None
❊

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
❊

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
❊

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None
❊

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
❊

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of

any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
※

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
※

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
※

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None
※

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
|      |      |      |      |      |

None
❋

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                              ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
❋

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                    DATES SERVICES RENDERED

None
❋

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                        ADDRESS                        DATES SERVICES RENDERED

None
❋

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                    ADDRESS

None
❋

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                    DATE ISSUED

---

**20. Inventories**

None
❋

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the
taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|
| DATE OF INVENTORY | INVENTORY SUPERVISOR |  |

None
❋

b. List the name and address of the person having possession of the records of each of the inventories reported
in a., above.

|  | NAME AND ADDRESSES OF CUSTODIAN |
|---|---|
| DATE OF INVENTORY | OF INVENTORY RECORDS |

---

**21. Current Partners, Officers, Directors and Shareholders**

None
❋

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the
partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
❋

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who
directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the
corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

**22. Former partners, officers, directors and shareholders**

None

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately

❄   preceding the commencement of this case.

     NAME               ADDRESS               DATE OF WITHDRAWAL

None
❄   b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

     NAME AND ADDRESS           TITLE             DATE OF TERMINATION

### 23 . Withdrawals from a partnership or distributions by a corporation

None
❄   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 24. Tax Consolidation Group.

None
❄   If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

     NAME OF PARENT CORPORATION         TAXPAYER-IDENTIFICATION NUMBER (EIN)

### 25. Pension Funds.

None
❄   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

     NAME OF PENSION FUND         TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

April 24, 2013                 Signature    s/David J. Boykin

Date _____    of Debtor    _____

                                    Signature of
                                    Joint Debtor
Date  April 24, 2013 _____    (if any)      s/Amber K. Boykin _____

0 continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

In re   David J. Boykin and Amber K. Boykin                     Case No. _____
　　　　　　　Debtor                                                    Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>Bank of America Mortgage Co. | **Describe Property Securing Debt**:<br>2844 Dourdon Road<br>Belvidere, IL 61008 |

Property will be *(check one)*:
　　　　⊛ Surrendered　　　　　　　○ Retained

If retaining the property, I intend to *(check at least one)*:
　　　　○ Redeem the property
　　　　○ Reaffirm the debt
　　　　○ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
　　　　○ Claimed as exempt　　　⊛ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>Nature Scape Lawn Services | **Describe Leased Property:**<br>Lawn Service Agreement | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>○ YES　　　⊛ NO |

B 8 (Official Form 8) (12/08)                                                                                          Page 2

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date:  April 24, 2013                          s/David J. Boykin
_____                        _____
                                               Signature of Debtor


                                               s/Amber K. Boykin
                                               _____
                                               Signature of Joint Debtor

B 203
(12/94)

# United States Bankruptcy Court

## NORTHERN DISTRICT OF ILLINOIS
_____
### WESTERN DIVISION

**In re**

**David J. Boykin and Amber K. Boykin**

Case No. _____

**Debtor**

Chapter **7**_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **0.00**_____

    Prior to the filing of this statement I have received  . . . . . . . . . . . . . . . . . . . . . . . . . . $ **0.00**_____

    Balance Due  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **0.00**_____

2. The source of the compensation paid to me was:

    ☐ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

    ☐ Debtor          ☐ Other (specify)

4. ☐ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)

d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~ ----------------------------------

e.   [Other provisions as needed]

**No fees collected based on prior representation and fees paid in Chapter 13 case.**

**Applicable to Post-Petition Chapter 7 Services:  $75.00 for each amendment to Schedules; $75.00 for preparation and filing of motion for court approval of reaffirmation agreement and attendance at hearing if required by the court; $200.00 per hour plus costs (when applicable) for all other representation.**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

**Representation does not include discharge or dischargeability proceedings, redemption proceedings, dismissal proceedings, reinstatement proceedings, judicial lien avoidances, post-petition amendments, relief from stay actions, adversary proceedings, attendance at continued meeting of creditors or preparation of motion to approve reaffirmation agreement.**

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

**April 24, 2013**
*Date*

**s/s/ Henry Repay**
**Henry Repay**
*Signature of Attorney*

**Law Offices of Henry Repay**
*Name of law firm*

# United States Bankruptcy Court

## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

In re
**David J. Boykin and Amber K. Boykin**                ,
            Debtor

Case No. _____

Chapter **7**_____

## APPLICATION TO PAY FILING FEE IN INSTALLMENTS

1.      In accordance with Fed. R. Bankr. P. 1006, I apply for permission to pay the filing fee amounting to $ **306.00**_____ in installments.

2.      I am unable to pay the filing fee except in installments.

3.      Until the filing fee is paid in full, I will not make any additional payment or transfer any additional property to an attorney or any other person for services in connection with this case.

4.      I propose the following terms for the payment of the Filing Fee.*

   $ **77.00**_____   Check one ☒   With the filing of the petition, or
                                            ☐   On or before _____

   $ **77.00**_____ on or before **May 15, 2013**_____

   $ **77.00**_____ on or before **June 15, 2013**_____

   $ **75.00**_____ on or before **July 15, 2013**_____

*       The number of installments proposed shall not exceed four (4), and the final installment shall be payable not later than 120 days after filing the petition.  For cause shown, the court may extend the time of any installment, provided the last installment is paid not later than 180 days after filing the petition.  Fed. R. Bankr. P. 1006(b)(2).

5.      I understand that if I fail to pay any installment when due, my bankruptcy case may be dismissed and I may not receive a discharge of my debts.

| **s/s/ Henry Repay**          04/24/13 | **s/David J. Boykin**          April 24, 2013 |
|---|---|
| Signature of Attorney          Date | Signature of Debtor          Date |
| | (In a joint case, both spouses must sign.) |
| **Henry Repay** | **s/Amber K. Boykin**          April 24, 2013 |
| Name of Attorney | Signature of Joint Debtor (if any)          Date |

-----------------------------------------------------------------------------------------------------------------------

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

   I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required under that section; and (4) I will not accept any additional money or other property from the debtor before the filing fee is paid in full.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs the document.*
_____

_____
Address

x_____          _____
Signature of Bankruptcy Petition Preparer          Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*
*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*

# United States Bankruptcy Court

## NORTHERN DISTRICT OF ILLINOIS

### WESTERN DIVISION

In re

**David J. Boykin and Amber K. Boykin** ,
Debtor

Case No. _____

Chapter **7**_____

## ORDER APPROVING PAYMENT OF FILING FEE IN INSTALLMENTS

☐        IT IS ORDERED that the debtor(s) may pay the filing fee in installments on the terms proposed in the foregoing application.

☐        IT IS ORDERED that the debtor(s) shall pay the filing fee according to the following terms:

$ _____        Check one  ☐  With the filing of the petition, or
☐  On or before _____

$ _____  on or before _____

$ _____  on or before _____

$ _____  on or before _____

☐        IT IS FURTHER ORDERED that until the filing fee is paid in full the debtor(s) shall not make any additional payment or transfer any additional property to an attorney or any other person for services in connection with this case.

BY THE COURT

Date: _____        _____
*United States Bankruptcy Judge*